CHARLES G. COLE, APPELLANT, v. THOMAS J. DOWLING, BUILDING INSPECTOR OF THE CITY OF ORANGE, ET AL., RESPONDENTS.

Submitted February 14, 1930—Decided October 20, 1930.

For the appellant, *Arthur F. Egner.*

For the respondents, *Daniel J. Brennan.*

The opinion of the court was delivered by

CAMPBELL, J. The respondents Rudnevitz and Ruby, own-ers of lands on Lincoln avenue, in Orange, applied in December, 1925, to the building inspector of that city for permits for the erection of five proposed apartment houses. This application was refused because apartment houses in that locality were prohibited by a then existing zoning ordinance. On January 2d, 1926, the owners applied for a writ of *mandamus* to compel the issuance of such permits, referring in such proceedings to four tracts, numbered from one to four, inclusive. Although no plans had been filed with the building inspector for the building proposed to be erected on tract four, counsel for the respective parties stipulated that the same had been filed, for the purpose, it is said, of having the legal question involved determined.

A peremptory writ was directed to be issued May 4th, 1926. *Rudnevitz and Ruby* v. *Dowling, &c.,* 4 *N. J. Mis. R.* 483.

Thereafter permits were issued for buildings on tracts one and two. The dates of issue were June 17th, 1926; November 16th, 1926, and June 25th, 1927. All of these buildings have been erected and completed.

Shortly prior to February 8th, 1929, the owners made application to the building inspector for a permit to erect a four-story apartment house on tract four, and such permit was issued on February 9th, 1929, upon advice from the law department of the city that he was required so to do by the mandate of the writ of *mandamus.*

The prosecutor-appellant then appealed to the board of adjustment and that body, on March 14th, 1929, denied the application to set aside the action of the building inspector basing its decision also upon the ground that the mandate of the peremptory writ of *mandamus* required the issuance of the permit.

What is known as the zoning amendment to the state con-
stitution was adopted September 20th, 1927, became effective
October 18th, 1927, and *Pamph. L.* 1928, *p.* 696, adopted
for the purpose of making such provision effective in the
several municipalities of the state went into effect April 3d,
1928.

All of this took place after the judgment in the *mandamus*
proceedings on May 4th, 1926, and before the issuance of
the permit in question on February 8th, 1929.

Under the zoning ordinance existing in Orange at the time
the proceedings in *mandamus* were instituted the lands upon
which the proposed buildings were to be erected were in a
zone, or district, restricted to dwellings for the residence of
one-family or for one housekeeping unit. Since the constitu-
tional amendment and *Pamph. L.* 1928, *p.* 696, have be-
come effective, the city of Orange has adopted legislation
regulating the set-back of the buildings under which the
set-back of the four-story building, for which the permit in
question was issued, would be greater than the eleven feet
of set-back as proposed.

After the judgment of the board of adjustment the pro-
ceedings before it and the building inspector were removed
into the Supreme Court for review, and in such proceedings
the prosecutor filed several reasons, namely: That the writ,
under compulsion of which the permit in question was issued,
ceased to be effective and have any binding force because the
owners failed to apply for the permit thereunder within a
reasonable time; because the permit sought and obtained
thereunder was for a building different from that described
in the *mandamus* proceedings; because of a changed condi-
tion that has arisen since the allowance of such writ brought
about through the amendment to the constitution permitting
zoning, the statutes of the state and the ordinances of the
city of Orange; because the land on which it is proposed to
erect the building is in such close proximity to lands of the
city upon which it is proposed to erect a public school as to
be detrimental to such public purpose; because the erection
of such proposed building will create a lack of uniformity

in the buildings in that locality; because the lands on which it is proposed to erect such building are in a district restricted to one-family dwellings, and because the set-back proposed for such building is less than that required by the ordinances of the city.

The Supreme Court, after argument, dismissed the writ and this seems to have been upon the ground that the writ of *mandamus,* being in the nature of an execution, under a judgment, continued in force unless, and until, set aside by proper legal proceedings.

In this we concur. The owners of the land had a judgment in their favor and the prerogative writ of the Supreme Court issued for the purpose of executing that judgment. Such judgment stands and the writ retains all of its virtue and compelling force unless, or until, by appropriate procedure, such judgment is set aside or modified. Such conclusion, reached by the court below, correctly and effectively disposed of all the reasons filed except subdivision b by reason number one, namely, "that the building sought to be erected under said building permit differs from that involved in said *mandamus* proceeding."

The judgment of the Supreme Court in the *mandamus* proceeding was that the relators, landowners, were entitled to a permit for the erection of a three-story apartment house upon the lands in question. The writ in aid, and in execution of, that judgment was, or should have been, for a three-story building. The landowners were entitled to that and nothing more. It is beside the question to urge that the judgment of the court would have been the same whether the building was a three or four-story structure. The writ must follow and comply with the judgment. Here, obviously, it did not.

Admittedly the building inspector and the board of adjustment, in their respective actions, obeyed and followed a writ which in its command exceeded the judgment upon which it was alleged to be based. This was something that they were not legally required to do; it amounted to an unlawful coercion.

Whether or not this was brought to the attention of the Supreme Court does not appear, except that it was clearly an arguable question under the reasons filed.

Although a question not argued in the court below will not be considered in this court, upon appeal, nevertheless, the abuse of the processes of court, particularly of a prerogative writ, such as a peremptory *mandamus,* cannot be overlooked and passed by in this court.

Had this ground been urged, as it should have been, in the Supreme Court, that court undoubtedly would have set aside and annulled the permit, judgment of the board of adjustment and all the proceedings brought up by the writ of *certiorari.*

The result reached by us is that the judgment of the Supreme Court must, for the reason assigned, be reversed, the judgment of the board of adjustment set aside, and the building permit revoked.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, CAMPPBELL, BODINE, DALY, DONGES, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.